■ In the Matter of the Claim of JESSIE BOND, Respondent, v. GRUMMAN AIRCRAFT et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed September 2, 1970. On July 29, 1965, claimant, employed as a secretary, was standing on a stool when the stool broke causing her to fall to the floor landing on her feet. Her physician reported that claimant sustained injury consisting of "Acute sprain of right lower cervical upper dorsal spine with quadrial neuritis". In February, 1966, she experienced further difficulty in the lower back, and she consulted another physician who treated her for the low back condition. This physician filed reports indicating causal relationship between the low back injury and the July 29, 1965 accident. The Referee found that the low back condition was unrelated to the accident. After examination, the impartial specialist reported that it was "not unusual that an injury to a spinal joint first manifests itself sympotomatically some months after the injury", and that claimant had "a progressive condition of derangement of the lumbosacral joint". He further testified that "She didn't have a scoliosis", and that the derangement of the lumbosacral joint was caused by the accident of July 29, 1965. The board found "that claimant has a continuing causally related disability". There being substantial evidence in the record in support of the board's finding, its determination must be affirmed. (*Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529.) Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur.

■ VILLAGE OF SHERBURNE, Respondent, v. GEORGE JEMZURA, Appellant.— Appeal from an order of the County Court of Chenango County, entered June 22, 1970, which dismissed an appeal from a denial of a motion to open a default judgment taken by the respondent against appellant in the Justice Court of the Village of Sherburne, New York, on April 8, 1968. Under the circumstances of this case, the dismissal of the appeal by the County Court was proper since there was no record or statement of alleged errors before the court upon which the merits of the appeal could be considered. While appellant was not responsible for the failure of the Justice Court to file a return within 10 days after the filing of the appeal (UJCA, § 1704, subd. [b]), appellant failed to submit a statement to County Court in lieu of the record (UJCA, § 1703; CPLR 5527), nor did he file a brief or appear for oral argument. Order affirmed, without costs. Reynolds, J. P., Greenblott, Cooke, Sweeney and Simons, JJ., concur.